UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TROY JONES

                Plaintiff,

   -against-

THE CITY OF NEW YORK,
P.O. KELVIN PEREZ,
P.O. DEREK ALMEIDA,
P.O. MICHELE HERBST,
and SGT. NICHOLAS VANDYKE,
                Defendants.

CASE No.: 1:14-cv-02094-ENV-JMA

**FIRST AMMENDED COMPLAINT**

PLAINTIFF DEMANDS
TRIAL BY JURY

      Plaintiff TROY JONES, by his attorney, ALEXIS G. PADILLA, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

      1.    Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

      2.    This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

      3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. § 1391 (b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiff, TROY JONES, born in 1977, is an African-American male, a citizen of the United States, and at all relevant times a resident of the State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9. At all times hereinafter mentioned the individually named defendants P.O. KELVIN PEREZ, P.O. DEREK ALMEIDA, P.O. MICHELE HERBST, and SGT. NICHOLAS VANDYKE, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. P.O. KELVIN PEREZ is sued individually and in his official capacity.

11. P.O. DEREK AMEIDA is sued individually and in his official capacity.

12. P.O. MICHELE HERBST is sued individually and in her official capacity.

13. SGT. NICHOLAS VANDYKE is sued individually and in his official capacity.

14. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

15. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

## FACTUAL ALLEGATIONS

12. On or about December 28, 2011 at approximately 1:00 PM plaintiff TROY JONES exited from his residence at 1118 Madison Street with the intention of paying a visit to a neighbor. The two had spoken earlier that day and it was understood that he would stop by that afternoon.

13. Plaintiff walked around the corner to his neighbor's building on Woodbine Street and rang the buzzer three times. When no one answered he left.

14. Unbeknownst to the plaintiff, P.O. Kelvin Perez was observing the building when he saw plaintiff walking away.

15. P.O. Kelvin Perez ordered the stop of plaintiff.

16. As plaintiff made his way on Central Avenue toward his Madison Street residence, Plaintiff was accosted by P.O. ALMEIDA, P.O. HERBST, and SGT. VANDYKE, who emerged from an unmarked police vehicle.

17. Plaintiff immediately stopped moving.

18. P.O. ALMEIDA demanded that he produce identification.

19. Plaintiff produced his state issued identification card and handed it to P.O.

ALMEIDA.

20. P.O. ALMEIDA then instructed plaintiff to place his hands against a nearby car.

21. P.O. ALMEIDA frisked plaintiff.

22. P.O. ALMEIDA then stuck his hands into the pockets of plaintiff's pants and coat, which he forcibly removed and handed to P.O. HERBST, who searched it further.

23. P. O. ALMEIDA then instructed plaintiff to sit on the hood of the car and remove his shoes.

24. P.O. ALMEIDA searched plaintiff's shoes.

25. Plaintiff was then told by P.O. ALMEIDA to remove his socks.

26. P.O. ALMEIDA searched inside plaintiff's socks.

27. Having found no evidence of contraband whatsoever, P.O. ALMEIDA, supervised by SGT. VANDYKE, handcuffed plaintiff and placed him in the back seat of an unmarked police vehicle.

28. Plaintiff was then driven to the 83rd precinct station house by P.O. ALMEIDA along with P.O. HERBST and SGT. VANDYKE.

29. Plaintiff was placed in a cell by himself.

30. Shortly thereafter, P.O. ALMEIDA returned with SGT. VANDYKE and ordered plaintiff to strip naked.

31. P.O. ALMEIDA then ordered plaintiff to lift his scrotum, bend over, and cough twice.

32. Plaintiff was then transported to central booking where he was released the next day. Charges for trespassing were later dismissed.

33. Plaintiff filed a complaint against the officers with the Civilian Complaint Review

Board and the allegations of "Abuse of Authority" were "SUBSTANTIATED" (Claim No. 201201695) against P.O. KELVIN PEREZ, P.O. DEREK ALMEIDA, and SGT. NICHOLAS VANDYKE.

34. At the above time and place plaintiff was wrongfully arrested without a warrant, probable cause, or consent.

35. There was no reasonable suspicion of wrongdoing when plaintiff was approached, seized, detained, searched and arrested.

36. At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights.

37. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.

38. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

39. During the events described above, defendants acted maliciously and with the intent to injure plaintiff.

40. As a direct and proximate cause of the acts of the defendants, plaintiff suffered the following injuries and damages:

    A. An arrest not based upon probable cause;

    B. Unwarranted and malicious criminal prosecution;

    C. Deprivation of liberty without due process of law;

    D. Violation of the right to be free from unreasonable search and seizure; and

    E. Denial of equal protection under the law.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. S 1983</u>

34. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

35. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

36. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all actual and/or apparent authority afforded thereto.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

39. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

40. The acts complained of deprived plaintiff of his rights:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from search and seizure not based upon probable cause;

    C. To be free from unwarranted and malicious criminal prosecution; and

    D. To receive equal protection under the law.

**WHEREFORE,** plaintiff demands judgment in the sum of one hundred thousand dollars ($100,000) in compensatory damages, two hundred and fifty thousand dollars ($250,000) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated: 04/21/2014
       Brooklyn, NY

                                            Attorney for Plaintiff
                                            ALEXIS G. PADILLA [AP-7400]
                                            575 Decatur Street, #3
                                            Brooklyn, NY 11233
                                            PHONE: (917) 238-2993